# EXHIBIT "A"

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

Barbara Pezzanite

_____

_____

PLAINTIFF

VS.

Life Care Centers of

America, Inc.

_____

DEFENDANT

CIVIL ACTION
NUMBER:_____

**15 C-04622-2**

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

The Hart Law Firm
Scott A. I. Hart
3350 Peachtree Rd. Ste. 1225
Atlanta, GA 30326

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

This ___31st___ day of ___August___, 20 _15_.

Richard T. Alexander, Jr.,
**Clerk of State Court**

By _____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

2015 AUG 31  AM 11: 06

RICHARD ALEXANDER, CLERK

| | | |
|---|---|---|
| Barbara Pezzanite | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File No: _____ |
| | ) | |
| Life Care Centers of America, Inc. | ) | |
| | ) | |
| Defendant. | ) | **15 C-04622-2** |

## COMPLAINT

COMES NOW, Plaintiff Barbara Pezzanite in the above-entitled action and

through her counsel, and file this her Complaint and shows this Court the following:

1.

Plaintiff Barbara Pezzanite is a resident of the State of Georgia and resides in

Gwinnett County at 4335 Alta Drive # 3108 Suwanee, Georgia 30024.

2.

Defendant, Life Care Centers of America, Inc. hereinafter, "Life Care Center", is

a domestic corporation duly registered to transact business in the State of Georgia and

may be served with a copy of this Complaint by serving its registered agent Corporation

Service Company at 40 Technology Parkway South Suite 300, Norcross, GA 30092

3.

At all times mentioned herein, the Defendant was engaged in the proprietary

business of operating a for profit long-term nursing home facility known as Life Care

Center of Lawrenceville, which held itself out to be a specialist in the field of adult

inpatient and outpatient rehabilitation, trained and concerned staff, twenty-four hour care

and a safe environment with the expertise necessary to maintain the health, safety and well-being of persons unable to care adequately for themselves.

4.

In reliance upon the representations and promises made by Life Care Center of Lawrenceville, to Barbara Pezzanite regarding the care she would receive as a resident, Plaintiff placed her trust in Life Care Center of Lawrenceville.

5.

At all times mentioned herein, Barbara Pezzanite was a resident of pursuant to the terms of an Admission Agreement, and Life Care Center of Lawrenceville such, was under the exclusive custody, care and control of the Defendant and its officers, agents and employees.

6.

At all times mentioned here, Barbara Pezzanite was a "resident" of Life Care Center of Lawrenceville as defined by O.C.G.A § 31-8-102(5).

7.

At all times mentioned herein, the Defendant operated a "facility" as defined by O.C.G.A. § 31-8-102(3), and was subject to the regulation of, and licensure by, the Georgia Department of Human Resources.

8.

At all times mentioned herein, the Defendant received payment from Medicare to provide rehabilitation care, treatment and related services to Barbara Pezzanite, and was therefore subject to the requirements of 42 U.S.C. § 1396® (1990) *et seq.,* as amended by the Omnibus Budget Reconciliation Act of 1987 (OBRA) and Volume 42, Code of

Federal Regulations, Part 483 setting forth Medicare and Medicaid Requirements for Long Term Facilities (OBRA Regulations), as effective on October 1, 1990.

9.

At all times mentioned herein, the Defendant was a "nursing facility" as defined by 42 U.S.C.A. § 1396(r).

10.

By virtue of its acceptance of Barbara Pezzanite as a resident at its rehabilitation facility, the Defendant Life Care Center owed her a duty to furnish her with that degree of care, skill and diligence required of the medical and nursing home profession in general under similar conditions and like surrounding circumstances.

11.

By virtue of the provisions of O.C.G.A. §§ 31-8-103 through 31-8-126 (Bill of Rights for Residents of Long-term Care Facilities), Barbara Pezzanite was entitled to have certain rights provided for and protected while she was a resident of Life Care Center of Lawrenceville which are designed to prevent injury to a class of persons to which she belonged.

12.

By virtue of the provisions of Chapter 290-5-39 of the Rules and Regulations of the Georgia Department of Human Resources relating to long-term care facilities (Residents' Bill of Rights) as adopted by O.C.G.A § 31-8-33, Barbara Pezzanite was entitled to have certain rights provided for and protected while she was a resident of the Defendant Life Care Center which are designed to prevent injury to a class of persons to which she belonged.

13.

By virtue of the provisions of Section 483.25 of Title 42 of the Code of Federal Regulations relating to requirements for long-term care facilities (Quality of Care), Barbara Pezzanite was entitled to receive, and the Defendant Life Care Center was required to provide, the necessary care and services to attain or maintain the highest practicable physical, mental, and psychosocial well-being, in accordance with the comprehensive assessment and plan of are, including an environment free of accident hazards and adequate supervision and assistance devices to prevent accidents.

14.

Barbara Pezzanite fell within the class of persons which the statutory rules, regulations and laws mentioned herein were designed and intended to protect from injury, thus entitling the Plaintiff to adopt such laws as the standard of care for measuring the Defendant Life Care Centers of America, Inc. conduct.

15.

The Defendant's duties and responsibilities to Barbara Pezzanite as mentioned herein are non-delegable and Defendant has direct liability for violations of and failures to provide for, deprivations and infringements of said rights by any person or entity under Defendant's control, direct or indirect, including its officers, agents, employees, consultants and independent contractors, whether in-house or outside entities, individuals, agencies or pools, or caused by Defendant's policies, whether written or unwritten, or common practices.

16.

In addition to Defendant's direct duty and responsibility under the rules, regulations, and statutes mentioned herein, Defendant has vicarious liability for the negligent acts and omissions of all persons or entities under its control either direct or indirect, including its officers, agents, employees, and consultants, for violations of, and failures to provide for, the resident's rights of Barabara Pezzzanite.

17.

The duties alleged in the immediately preceding paragraph include, but are not limited to, proper training and supervision, proper hiring, background and referral checks, and proper retention and dismissal of employees, agents, consultants and independent contractors.

18.

Life Care Center was under a contractual duty to provide reasonable and adequate health care to Barbara Pezzanite consistent with existing community standards.

19.

That upon her admission to Defendant Life Care Center on August 4, 2014 Barbara Pezzanite was recovering from joint hip replacement surgery, which resulted in muscle weakness, difficulty walking, and limitation in physical functioning to such a degree that she required assistance for activities of daily living, such as dressing, toilet use and bathing.

20.

At all times mentioned herein Defendant was well aware of Barbara Pezzanite's weakened physical condition and knew, or in the exercise of reasonable care should have

known, that its failure to adhere to its duties to Barabara Pezzanite, as stated herein, would pose a special and serious risk of physical harm to her.

21.

That on or about August 9, 2014, Ms. Pezzanite was being moved into a wheelchair. Instead of being placed gently in the wheelchair, the plaintiff was thrown and/or negligently dropped into the chair. As a direct and proximate result of the rough handling of an unlicensed employee at Life Care Center, Barabara Pezzanite suffered a refracture of her hip resulting in her needing further medical attention.

22.

As a direct and proximate result of the Defendant's negligence, its violation of Barbara Pezzanite's resident rights, as well as its breach of acceptable health care standards, all as described herein, Barbara Pezzanite was forced to suffer physical pain and loss of capacity for enjoyment of life.

23.

That Barbara Pezzanite's injuries were the direct and proximate result of the negligence of the Defendant, as more fully described herein, who is liable to the Plaintiff.

24.

That the Defendant is vicariously liable for the negligent acts and omissions of all persons or entities under its control either direct or indirect, including their respective officers, agents and employees.

25.

That notwithstanding the responsibility of Defendant to provide Barbara Pezzanite with her statutorily mandated and protected nursing home residents' rights as

set forth herein, and to provide her with that degree of care, skill and diligence usually

exercised by nursing homes generally, Barbara Pezzanite was deprived of such rights by

the negligent acts and omissions of the Defendant which include, but are not limited to,

the following:

    (a)    the failure to provide adequate and appropriate staffing levels of qualified
               personnel including nurses, nurses assistants, aides and orderlies to meet
               the total needs of Barbara Pezzanite;

    (b)    the failure to ensure that Barbara Pezzanite's environment remain free of
               accident hazards in violation of 42 C.F.R.§ 483.25(h)(1);

    (c)    the failure to provide adequate, appropriate and necessary supervision and
               assistance devices to Barbara Pezzanite to prevent injuries in violation of
               42 C.F.R. § 483.25(h)(2);

26.

That notwithstanding the duties owed to Barbara Pezzanite by the Defendant

Life Care Center described herein, Defendant, its officers, agents and employees were

negligent and failed to exercise that degree of care, skill and diligence required of the

nursing and nursing home professionals in general under similar conditions and like

circumstances.

27.

That the Plaintiff is entitled and request attorney's fees and the expenses of

litigation in that the actions on the part of the Defendant as hereinabove describe show

that Defendant has acted in bad faith in the transactions and the dealings surrounding the

hereinabove described incident and the Defendant, and the Defendant's agents, have

failed to make any attempts whatsoever to mitigate that Barbara Pezzanite's injuries

incurred as a direct proximate result of its negligence, have been stubbornly litigious and

have caused the Plaintiff unnecessary trouble and expenses, entitling the Plaintiff to

expenses of litigation and attorney's fees as defined by O.C.G.A § 13-6-11.

28.

That each of the foregoing acts and omissions constitute an independent act of

negligence on the part of the Defendant and one or more or all of the said hereinabove

stated acts was the direct and proximate cause of the damages sustained by Plaintiff.

WHEREFORE, the Plaintiff prays for a judgment to be awarded against the

Defendant for the following:

(a)     For compensatory damages on behalf of Barbara Pezzanite, for mental,
        physical and emotional pain and suffering in an amount in excess of One
        Hundred Thousand Dollars ($100,000.00);

(b)     For attorney's fees and costs of litigation in an amount which will be
        proven through the evidence at the time of trial;

(c)     That a jury be impaneled to resolve all factual disputes;

(d)     For such other and further relief as the Court deems just and proper;

(e)     The Plaintiff's be allowed to amend their Complaint in order to avoid a
        manifest justice.

Respectfully submitted this 26th day of August, 2015.

Scott A.I. Hart
Attorney for Plaintiff
State Bar No. 333699

The Hart Law Firm
3350 Peachtree Road
Suite 1225
Atlanta, GA 30326
(404) 355-3620

CERTIFICATE OF SERVICE

This is to Certify that I have this day served all counsel to this action with a copy

of the foregoing *Complaint* by depositing a copy of the same in the U.S. mail in an

appropriately addressed envelope with adequate postage there on as follows:

Life Care Centers of America, Inc.
c/o registered agent Corporation Service Company
40 Technology Parkway South Suite 300
Norcross, GA 30092

This 20th day of August , 2015.

Respectfully submitted,

SCOTT A.I. HART
Georgia Bar No.: 333699
Attorney for Plaintiff

The Hart Law Firm, P.C.
3350 Peachtree Road
Suite 1225
Atlanta, Georgia 30326

# General Civil Case Filing Information Form (Non-Domestic)

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

**Court**
☐ Superior
☑ State

**County** Gwinnett

**Date Filed** 2015 AUG 31  AM 11: 06
MM-DD-YYYY

**Docket #** 15 C - 04622 - 2

RICHARD ALEXANDER, CLERK

**Plaintiff(s)**
Pezzanite, Barbara
Last   First   Middle I. Suffix Prefix   Maiden

Last   First   Middle I. Suffix Prefix   Maiden

Last   First   Middle I. Suffix Prefix   Maiden

Last   First   Middle I. Suffix Prefix   Maiden

**Defendant(s)**
Life Care Centers of America, Inc.
Last   First   Middle I. Suffix Prefix   Maiden

Last   First   Middle I. Suffix Prefix   Maiden

Last   First   Middle I. Suffix Prefix   Maiden

Last   First   Middle I. Suffix Prefix   Maiden

**No. of Plaintiffs** 1

**No. of Defendants** 1

**Plaintiff/Petitioner's Attorney**   ☐ Pro Se

Hart   Scott   A.I.
Last   First   Middle I.   Suffix

**Bar #** 333699

---

## Check Primary Type (Check only ONE)

☐ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Personal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgment Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☑ Tort (If tort, fill in right column)

☐ Other General Civil Specify _____

---

## If Tort is Case Type:
### (Check no more than TWO)

☐ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☑ Other Specify _Simple Negligence_

**Are Punitive Damages Pleaded?** ☐ Yes   ☐ No

Civil Action No. **C-04622-2**

Date Filed **8-31-15**

Magistrate Court ☐
Superior Court ☐
State Court ☑
**Georgia, Gwinnett County**

_Barbara Pezzanite_

_____ **Plaintiff**

VS.

_Life Care Centers of America,_
_Inc._

_____ **Defendant**

Attorney's Address

Name and Address of party to be served.

_Life Care Centers of America, Inc_
_c/o Registered agent Incorporation Service_
_Co._
_40 Technology Pkwy South Ste 300_
_Norcross, GA 30092_

_____ **Garnishee**

## Sheriff's Entry Of Service

**Personal** ☐

I have this day served the defendant _____ personally with a copy of the within action and summons.

**Notorious** ☐

I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches; domiciled at the residence of defendant.

**Corporation** ☑

Served the defendant _Life Care Centers of America, Inc._ a corporation by leaving a copy of the within action and summons with _Alisha Smith RN_ in charge of the office and place of doing business of said Corporation in this County.

**Tack & Mail** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**Non Est** ☐

Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This ___3___ day of _Sept_, 20 _15_.

_____
**Deputy**

Sheriff Docket_____ Page_____

_____
**Gwinnett County, Georgia**

WHITE: Clerk      CANARY: Plaintiff / Attorney      PINK: Defendant

SC-2 Rev.3.13

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

Barbara Pezzanite                               )
                                                )
    Plaintiff,                )          CIVIL ACTION NO.
                                                )            15-C-04622-2
v.                                              )
                                                )
Life Care Centers of America, Inc.              )
                                                )
    Defendant.                )

### SPECIAL APPEARANCE ANSWER AND DEFENSES OF DEFENDANT LIFE CARE CENTERS OF AMERICA, INC. TO PLAINTIFF'S COMPLAINT

**COMES NOW**, Defendant Life Care Centers of America, Inc. (hereinafter "Defendant"), and, without waiving its rights to seek arbitration of this matter, files its Special Appearance Answer and Defenses to Plaintiff's Complaint (hereinafter "Complaint"), showing the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint is or may be barred by the execution of the "Voluntary Agreement for Arbitration".

### SECOND DEFENSE

Plaintiff's claim is barred against Defendant because Life Care Centers of America, Inc. has never been the operator/license holder of the facility known as Life Care Center of Lawrenceville ("LCCL"), and has never provided any care or treatment to Plaintiff.

### THIRD DEFENSE

Plaintiff's claim is barred by Plaintiff's failure to name proper and/or necessary parties.

## FOURTH DEFENSE

This action is or may be barred, in whole or in part, by Plaintiff's failure to comply with the requirements of O.C.G.A. § 9-11-9.1 and/or O.C.G.A. § 24-7-702, and Defendant reserves its rights to file a motion to dismiss pursuant to those statutes.

## FIFTH DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

## SIXTH DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant for professional negligence upon which relief may be granted.

## SEVENTH DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant for ordinary negligence upon which relief may be granted.

## EIGHTH DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant for breach of contract upon which relief can be granted.

## NINTH DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant for violations of federal law, federal regulations, Georgia law and/or Georgia regulations upon which relief may be granted.

## TENTH DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant for negligence *per se* secondary to violations of federal regulations and/or State regulations upon which relief may be granted.

### ELEVENTH DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant for violations of the Georgia Bill of Rights for Residents of Long-Term Care Facilities upon which relief may be granted.

### TWELFTH DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant for breach of fiduciary duty upon which relief may be granted.

### THIRTEENTH DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant for imputed and/or vicarious liability and/or *respondeat superior* upon which relief can be granted.

### FOURTEENTH DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant for negligent hiring, supervising and/or retention upon which relief may be granted.

### FIFTEENTH DEFENSE

Plaintiff's Complaint fails to state a claim for Defendant's principal-agent relationships upon which relief may be granted.

### SIXTEENTH DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant for personal injuries, mental and physical pain and suffering and medical expenses upon which relief may be granted.

### SEVENTEENTH DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant for attorney's fees and/or the expenses of litigation upon which relief may be granted.

3

### EIGHTEENTH DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant for punitive damages upon which relief can be granted.

### NINETEENTH DEFENSE

Plaintiff is not entitled to collect an award of punitive damages from Defendant because an award of such damages could violate the due process, equal protection and excessive fees clauses of the Georgia and United States constitutions.

### TWENTIETH DEFENSE

To the extent Plaintiff is seeking punitive damages through specific language or any inference of "willful misconduct," "conscious indifference" or other similar phrases descriptive of punitive damages in her Complaint, Plaintiff's demand for punitive damages against Defendant fails to state a claim upon which relief can be granted pursuant to O.C.G.A. § 51-12-5.1 (b).

### TWENTY-FIRST DEFENSE

To the extent that the injuries and damages alleged in Plaintiff's Complaint have been or may have been directly or proximately caused by the negligence of another person or persons over whom Defendant had no influence or control or were the result of a separate event, it cannot legally be held responsible for same.

### TWENTY-SECOND DEFENSE

Defendant is not liable to Plaintiff.  Any injury or damage that Plaintiff may have experienced was solely and proximately the result of acts and/or omissions of other party(ies), individual(s) and/or entity(ies), including but not limited to Ms. Pezzanite's diagnosed or undiagnosed pre-existing medical conditions.

4

### TWENTY-THIRD DEFENSE

Defendant is not liable to Plaintiff, as it did not commit any acts or omissions of negligence and did not fail to meet the standard of care required by law.

### TWENTY-FOURTH DEFENSE

Defendant is not liable to Plaintiff in any amount because any alleged negligence of Defendant, which negligence Defendant specifically denies, did not cause or contribute to the injuries alleged by Plaintiff.

### TWENTY-FIFTH DEFENSE

This action is barred, in whole or in part, as no alleged act or omission of Defendant was the proximate cause of any of Plaintiff's alleged injuries or damages.

### TWENTY-SIXTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant asserts the affirmative defenses of assumption of the risk, contributory/comparative negligence, failure of Plaintiff to exercise ordinary care for her own safety, failure of Plaintiff to avoid consequences and/or Plaintiff's failure to mitigate damages.

### TWENTY-SEVENTH DEFENSE

Jurisdiction and/or venue is or may be improper as to Defendant.

### TWENTY-EIGHTH DEFENSE

To the extent shown through discovery, Defendant raises all those affirmative defenses set forth in O.C.G.A. §§ 9-11-8 (c) and 9-11-12 (b).

### TWENTY-NINTH DEFENSE

For its Twenty-Ninth Defense, Defendant answers the specific allegations of Plaintiff's Complaint as follows:

1.

Defendant is without sufficient knowledge, information or belief to form an opinion as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and, therefore, said allegations are denied.

2.

Defendant states that it is a Tennessee corporation registered to transact business in the State of Georgia, and that it may be served through its registered agent, Corporation Service Company, at 40 Technology Parkway, South, Suite 300, Norcross, Georgia 30092. Defendant denies the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Defendant denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendant is without sufficient knowledge, information or belief to form an opinion as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint and, therefore, said allegations are denied.

5.

Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint and the assumptions upon which they are based.

6.

Upon information and belief, Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

Defendant states that while it does operate a "facility" in the State of Georgia, it has never been the operator/license holder of the facility known as Life Care Center of Lawrenceville ("LCCL"). Defendant denies the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint and the assumptions upon which they are based.

8.

Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Defendant states that while it does operate "nursing facilit[ies], it has never been the operator/license holder of the facility known as Life Care Center of Lawrenceville ("LCCL"). Defendant denies the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint and the assumptions upon which they are based.

10.

Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint and the assumptions upon which they are based.

11.

Defendant states that the Bill of Rights for Residents of Long Term Care Facilities speaks for itself. Defendant denies the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint and the assumptions upon which they are based. Defendant further denies any violation of the Bill of Rights for Residents of Long Term Care Facilities and/or any ability for Plaintiff to recover against Defendant pursuant to the Bill of Rights for Residents of Long Term Care Facilities.

12.

Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Defendant states that the federal regulations speak for themselves. Defendant denies the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint and the assumptions upon which they are based. Defendant further denies any violation of the federal regulations and/or any ability for Plaintiff to recover against Defendant pursuant to the federal regulations.

14.

Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint and the assumptions upon which they are based. Defendant further denies any ability for Plaintiff to recover against Defendant pursuant to State and/or federal regulations.

15.

Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint and the assumptions upon which they are based.

16.

Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint and the assumptions upon which they are based.

17.

Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint and the assumptions upon which they are based.

18.

Defendant denies that it operated the facility known as LCCL, that it employed nurses or any caregivers who provided care and treatment to Plaintiff at the LCCL facility or that it

contracted with Plaintiff for any care, treatment or services at LCCL. Defendant denies the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint and the assumptions upon which they are based.

19.

Defendant denies that it operated the facility known as LCCL, that it employed nurses or any caregivers who provided care and treatment to Plaintiff at the LCCL facility or that it contracted with Plaintiff for any care, treatment or services at LCCL. Defendant denies the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint and the assumptions upon which they are based.

20.

Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint and the assumptions upon which they are based.

21.

Defendant denies that it operated the facility known as LCCL, that it employed nurses or any caregivers who provided care and treatment to Plaintiff at the LCCL facility or that it contracted with Plaintiff for any care, treatment or services at LCCL. Defendant is without sufficient knowledge, information or belief to form an opinion as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint and, therefore, said allegations are denied.

22.

Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint and the assumptions upon which they are based. By way of further response, Defendant denies that Plaintiff is entitled to recover against Defendant under any theory of recovery.

23.

Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint and the assumptions upon which they are based. By way of further response, Defendant denies that Plaintiff is entitled to recover against Defendant under any theory of recovery.

24.

Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint and the assumptions upon which they are based. By way of further response, Defendant denies that Plaintiff is entitled to recover against Defendant under any theory of recovery.

25.

Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint including subparts (a) to (c) and the assumptions upon which they are based. By way of further response, Defendant denies that Plaintiff is entitled to recover against Defendant under any theory of recovery.

26.

Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint and the assumptions upon which they are based.

27.

Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint, and the assumptions upon which they are based. By way of further response, Defendant denies that Plaintiff is entitled to recover against Defendant under any theory of recovery.

28.

Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint, and the assumptions upon which they are based.

29.

To the extent Plaintiff's "WHEREFORE" clause and prayer for relief may be read to require a response, Defendant denies that Plaintiff is entitled to any recovery against Defendant under any theory of liability for any amount.

30.

Any allegation of Plaintiff's Complaint not specifically responded to above is hereby denied.

**WHEREFORE**, Defendant Life Care Centers of America, Inc. having made its Special Appearance Answer and Defenses to Plaintiff's Complaint, hereby requests judgment in its favor, that Plaintiff's Complaint be dismissed with all costs cast against Plaintiff and that it be granted such other relief as this Court deems justice to demand.

**IN THE EVENT THIS MATTER IS NOT DISMISSED: DEFENDANT LIFE CARE CENTERS OF AMERICA, INC. HEREBY DEMANDS TRIAL BY A JURY OF TWELVE.**

This 5th day of October, 2015

Respectfully submitted,

**HANKS BROOKES, LLC**

CRAIG A. BROOKES
Georgia Bar No. 084476
JOAN M. GUTERMUTH
Georgia Bar No. 315913
ANTHONY C. STASTNY
Georgia Bar No. 917866
*Attorneys for Defendant Life Care Centers of America, Inc.*

11

Two Securities Centre
3500 Piedmont Road, N.E., Suite 320
Atlanta, Georgia 30305
(404) 892-1991 (P)
(404) 892-8190 (F)
cbrookes@hanksbrookes.com
jgutermuth@hanksbrookes.com
astastny@hanksbrookes.com

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| Barbara Pezzanite | ) | |
| | ) | |
|    Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | 15-C-04622-2 |
| v. | ) | |
| | ) | |
| Life Care Centers of America, Inc. | ) | |
| | ) | |
|    Defendant. | ) | |

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I have this day served a copy of *SPECIAL APPEARANCE ANSWER AND DEFENSES OF DEFENDANT LIFE CARE CENTERS OF AMERICA, INC. TO PLAINTIFF'S COMPLAINT* upon all parties in this matter by depositing a true and correct copy of same in the U.S. Mail, proper postage prepaid, addressed as follows:

Scott A.I. Hart
The Hart Law Firm
3350 Peachtree Road, Suite 1225
Atlanta, Georgia 30326

This ___5th___ day of October, 2015

Respectfully submitted,

**HANKS BROOKES, LLC**

JOAN M. GUTERMUTH
Georgia Bar No. 315913
*Attorney for Defendant Life Care*
*Centers of America, Inc.*

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

Barbara Pezzanite                               )
                                                )
    Plaintiff,                                  )           CIVIL ACTION NO.
                                                )           15-C-04622-2
v.                                              )
                                                )
Life Care Centers of America, Inc.              )
                                                )
    Defendant.                                  )

## DEFENDANT LIFE CARE CENTER OF AMERICA, INC.'S SPECIAL APPEARANCE MOTION TO DISMISS PURSUANT TO O.C.G.A. § 9-11-9.1 AND BRIEF IN SUPPORT

    **COMES NOW,** Life Care Centers of America, Inc., named as a defendant in the above-referenced matter and pursuant to O.C.G.A. § 9-11-9.1 and without waiving its rights to seek arbitration of this matter, files this Special Appearance Motion to Dismiss and Brief in Support "contemporaneously with its initial responsive pleading" pursuant to O.C.G.A. § 9-11-9.1, and shows that Plaintiff's Complaint should be dismissed for failure to file a competent expert's affidavit contemporaneously with the filing of the Complaint.

## STATEMENT OF FACTS

    Defendant Life Care Centers of America, Inc. ("LCCA") is incorporated in, and maintains its principal place of business in, Tennessee. Plaintiff has incorrectly identified LCCA as a domestic Georgia corporation that owned and operated the Life Care Center of Lawrenceville ("LCCL") nursing home. (Plaintiff's Complaint, at ¶ 3). Plaintiff was admitted to LCCL on August 4, 2014, after undergoing joint hip replacement surgery to repair a left hip fracture. (Id. at ¶ 19). Plaintiff further alleges that, on or about August 9, 2014, Plaintiff was "thrown and/or negligently dropped" into her wheelchair while being transferred into her wheelchair, and re-fractured her left hip. (Id. ¶ 21).

Plaintiff's Complaint states that LCCA breached the following duties in connection with LCCL's care and treatment of Plaintiff:

1. The duty to "furnish her with that degree of care, skill and diligence required of the medical and nursing home profession in general under like and similar circumstances" (Id. ¶ 10);

2. Those rights listed in the Bill of Rights for Residents of Long-Term Care Facilities, including those in provisions O.C.G.A. §§ 31-8-103 through O.C.G.A. § 31-8-126. (Id. ¶ 11);

3. Provide necessary care and services to attain or maintain the "highest practicable physical, mental, and psychosocial well-being, in accordance with the comprehensive assessment and plan of care, including an environment free of accident hazards and adequate supervision and assistance devices to prevent accidents" (Id. ¶ 13);

4. "...[A] contractual duty to provide reasonable and adequate health care to Barbara Pezzanite consistent with existing community standards" (Id. ¶ 18).

Specifically, Plaintiff alleges that LCCA failed to provide Ms. Pezzanite with the "degree of care, skill and diligence usually exercised by nursing homes generally," specifically that its agents "...failed to exercise that degree of care, skill and diligence required of the nursing and nursing home *professionals* in general under similar conditions and like circumstances." (Id. ¶¶ 24, 26) (Emphasis added). Notably, despite alleging in various forms that LCCA failed to provide care consistent with the professional standard applicable to nursing homes, Plaintiff did not (and to date, has not) filed an expert affidavit identifying either this standard, or any acts/omissions that breached it.

## ARGUMENT AND CITATION OF AUTHORITY

### Plaintiff's Complaint Should Be Dismissed Because Plaintiff has Failed to File an Expert Affidavit Identifying at Least One Negligent Act or Omission by LCCA, as O.C.G.A. § 9-11-9.1 Requires.

O.C.G.A. § 9-11-9.1(a) provides:

In any action for damages alleging professional malpractice against:

(1) A professional licensed by the State of Georgia and listed in subsection (g) of this Code section;

(2) A domestic or foreign partnership, corporation, professional corporation, business trust, general partnership, limited partnership, limited liability company, limited liability partnership, association, or any other legal entity alleged to be liable based upon the action or inaction of a professional licensed by the State of Georgia and listed in subsection (g) of this Code section; or

(3) Any licensed health care facility alleged to be liable based upon the action or inaction of a health care professional licensed by the State of Georgia and listed in subsection (g) of this Code section,

the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim.

O.C.G.A. § 9-11-9.1(a).

The Legislature imposed this requirement in order to deter frivolous lawsuits by requiring that an expert within the field to identify at least one act that failed to meet the professional standard of care applicable to specified professions-including nursing care. O.C.G.A. § 9-11-9.1(g). In the present case, Plaintiff has failed to submit *any* expert affidavit supporting the allegations in the Complaint.

Accordingly, Life Care Centers of America, Inc. respectfully requests that this Court

3

dismiss Plaintiff's Complaint in its entirety for failure to comply with the provisions of O.C.G.A. § 9-11-9.1.   In the event that the Court does not dismiss this action, Life Care Centers of America, Inc. specifically reserves its right to challenge the sufficiency of any expert that Plaintiff may identify, and reserves all other defenses related to Plaintiff's non-compliance with O.C.G.A. § 9-11-9.1 and/or other defenses related to any affidavit that may be filed in the future.

This 5th day of October, 2015

Respectfully submitted,

**HANKS BROOKES, LLC**

CRAIG A. BROOKES
Georgia Bar No. 084476
JOAN M. GUTERMUTH
Georgia Bar No. 315913
ANTHONY C. STASTNY
Georgia Bar No. 917866
*Attorneys for Defendant Life Care Centers of America, Inc.*

Two Securities Centre
3500 Piedmont Road, N.E., Suite 320
Atlanta, Georgia 30305
(404) 892-1991 (P)
(404) 892-8190 (F)
cbrookes@hanksbrookes.com
jgutermuth@hanksbrookes.com
astastny@hanksbrookes.com

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| Barbara Pezzanite | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | 15-C-04622-2 |
| v. | ) | |
| | ) | |
| Life Care Centers of America, Inc. | ) | |
| | ) | |
| Defendant. | ) | |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of *DEFENDANT LIFE CARE CENTER OF AMERICA, INC.'S SPECIAL APPEARANCE MOTION TO DISMISS PURSUANT TO O.C.G.A. § 9-11-9.1 AND BRIEF IN SUPPORT* upon all parties in this matter by depositing a true and correct copy of same in the U.S. Mail, proper postage prepaid, addressed as follows:

Scott A.I. Hart
The Hart Law Firm
3350 Peachtree Road, Suite 1225
Atlanta, Georgia 30326

This 5 day of October, 2015

Respectfully submitted,

**HANKS BROOKES, LLC**

JOAN M. GUTERMUTH
Georgia Bar No. 315913
*Attorney for Defendant Life Care
Centers of America, Inc.*

5

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

Barbara Pezzanite,                           )
                                             )
        Plaintiff,                           )          CIVIL ACTION NO.
                                             )          15-C-04622-2
v.                                           )
                                             )
Life Care Centers of America, Inc.,          )
                                             )
        Defendant.                           )

## SPECIAL APPEARANCE MOTION TO STRIKE AND BRIEF IN SUPPORT THEREOF OF DEFENDANT LIFE CARE CENTERS OF AMERICA, INC.

**COMES NOW**, Defendant Life Care Centers of America, Inc. (hereinafter "Defendant"), and, without waiving its rights to seek arbitration of this matter, files its Special Appearance Motion to Strike, moving this Court pursuant to O.C.G.A. § 9-11-12 (f) for an Order striking subsection (a) of Plaintiff's Prayer for Relief as set forth in Plaintiff's Complaint which demands for "compensatory damages on behalf of Barbara Pezzanite, for mental, physical and emotional pain and suffering in an amount in excess of One Hundred Thousand Dollars ($100,000.00);" as such prayer is prohibited by O.C.G.A. § 9-11-8 (a) (2) (B) and any other demands for damages this Court deems prohibited by O.C.G.A. § 9-11-8 and shows the Court as follows:

### STATEMENT OF FACTS

Plaintiff filed her Complaint in the above-styled civil action on August 31, 2015, alleging medical malpractice against Defendant in connection with Plaintiff's residence at the facility commonly known as Life Care Center of Lawrenceville, which allegedly spanned from August 4, 2014 through August 10, 2014. Plaintiff alleges negligent care and treatment by the nursing staff, allegedly resulting in personal injury. Plaintiff's cause of action relates to alleged improper

post-surgical care after a hip surgery, allegedly resulting in a "refracture of her hip." (Plaintiff's Complaint, ¶ 21).

**ARGUMENT AND CITATION OF AUTHORITY**

*Plaintiff's Prayer For Specific Monetary Relief Should Be Stricken.*

O.C.G.A. § 9-11-8 provides that in an action for medical malpractice, when "a claim for unliquidated damages is made for a sum exceeding $10,000.00, the demand for judgment shall state that the pleader "demands judgment in excess of $10,000.00," and no further monetary amount shall be stated." O.C.G.A. § 9-11-8 (a) (2) (B). In her Complaint, Plaintiff improperly prays "[f]or compensatory damages on behalf of Barbara Pezzanite, for mental, physical and emotional pain and suffering in an amount in excess of One Hundred Thousand Dollars ($100,000.00)." (See subsection (a) of Plaintiff's Prayer for Relief set forth in her Complaint).

Defendant hereby moves this Court pursuant to O.C.G.A. § 9-11-8 (a) (3) and O.C.G.A. § 9-11-12 (f) to strike the improper portion of Plaintiff's Complaint as described above and any other demands for damages this Court deems prohibited by O.C.G.A. § 9-11-8.

Accordingly, Defendant respectfully requests that this Court strike subsection (a) of Plaintiff's Prayer for Relief from Plaintiff's Complaint as improper under the provisions of O.C.G.A. § 9-11-12 (f) and to strike the improper monetary demands in Plaintiff's Complaint.

This 5th day of October, 2015

Respectfully submitted,

**HANKS BROOKES, LLC**

CRAIG A. BROOKES
Georgia Bar No. 084476
JOAN M. GUTERMUTH
Georgia Bar No. 315913
ANTHONY C. STASTNY
Georgia Bar No. 917866
*Attorneys for Defendant*

Two Securities Centre
3500 Piedmont Road, N.E., Suite 320
Atlanta, Georgia 30305
(404) 892-1991 (P)
(404) 892-8190 (F)
cbrookes@hanksbrookes.com
jgutermuth@hanksbrookes.com
astastny@hanksbrookes.com

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

Barbara Pezzanite,          )
                           )
     Plaintiff,          )        CIVIL ACTION NO.
                           )           15-C-04622-2
v.                       )
                           )
Life Care Centers of America, Inc.,  )
                           )
     Defendant.       )

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of *SPECIAL APPEARANCE MOTION TO STRIKE AND BRIEF IN SUPPORT THEREOF OF DEFENDANT LIFE CARE CENTERS OF AMERICA, INC.* upon all parties in this matter by depositing a true and correct copy of same in the U.S. Mail, proper postage prepaid, addressed as follows:

> Scott A.I. Hart
> The Hart Law Firm
> 3350 Peachtree Road, Suite 1225
> Atlanta, Georgia 30326

This 5th day of October, 2015

Respectfully submitted,

**HANKS BROOKES, LLC**

JOAN M. GUTERMUTH
Georgia Bar No. 315913
*Attorney for Defendant*

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

Barbara Pezzanite                     )
                                      )
    Plaintiff,           )        CIVIL ACTION NO.
                                      )        15-C-04622-2
v.                                    )
                                      )
Life Care Centers of America, Inc.    )
                                      )
    Defendant.            )

## DEFENDANT LIFE CARE CENTERS OF AMERICA, INC.'S SPECIAL APPEARANCE NOTICE OF FILING NOTICE OF REMOVAL TO FEDERAL COURT

**COMES NOW,** Life Care Centers of America, Inc., Defendant in the above-styled matter, and without waiving its right to compel arbitration, shows the Court and opposing Counsel that it has filed a Notice of Removal in the United States District Court for the Northern District of Georgia, Atlanta Division pursuant to 28 U.S.C. §§ 1332, 1441(a)(b) and 1446 and all other applicable provisions of law.

This 5th day of October, 2015.

Respectfully submitted,

**HANKS BROOKES, LLC**

CRAIG A. BROOKES
Georgia Bar No. 084476
JOAN M. GUTERMUTH
Georgia Bar No. 315913
ANTHONY C. STASTNY
Georgia Bar No. 917866
*Attorneys for Defendant Life Care Centers of America, Inc.*

Two Securities Centre
3500 Piedmont Road, N.E., Suite 320
Atlanta, Georgia 30305
(404) 892-1991 (P)
(404) 892-8190 (F)
cbrookes@hanksbrookes.com
jgutermuth@hanksbrookes.com
astastny@hanksbrookes.com

## IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

Barbara Pezzanite                                    )
                                                     )
    Plaintiff,                   )          CIVIL ACTION NO.
                                                     )             15-C-04622-2
v.                                                   )
                                                     )
Life Care Centers of America, Inc.                   )
                                                     )
    Defendant.                    )

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day served a copy of *DEFENDANT LIFE CARE CENTERS OF AMERICA, INC.'S SPECIAL APPEARANCE NOTICE OF FILING NOTICE OF REMOVAL TO FEDERAL COURT* upon opposing parties in this matter by depositing a true and correct copy of same in the U.S. Mail, proper postage prepaid, addressed as follows:

Scott A.I. Hart
The Hart Law Firm
3350 Peachtree Road, Suite 1225
Atlanta, Georgia 30326

This 5th day of October, 2015.

Respectfully submitted,

**HANKS BROOKES, LLC**

JOAN M. GUTERMUTH
Georgia Bar No. 315913
*Attorney for Defendant Life Care Centers of America, Inc.*